# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)* **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS
Hernan Orozco

## DEFENDANTS
United States of America

**(b)** County of Residence of First Listed Plaintiff: Miami Dade
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Miami Dade
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Dianne E. Carames, 1900 N. Bayshore DR, STE 1A Miami, FL 33132

Attorneys *(If Known)*
United States Attorney's Office, 99 NE 4th ST, Miami, FL, 33132

**(d)** Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE ☐ HIGHLANDS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question *(U.S. Government Not a Party)*
■ 2 U.S. Government Defendant
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)* *(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*     Click here for: Nature of Suit Code Descriptions

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729 (a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | | | ☐ 835 Patent – Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | | ☐ 840 Trademark | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | **PERSONAL PROPERTY** | **LABOR** / **SOCIAL SECURITY** | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act (TCPA) |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Med. Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / **Other:** | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | ☐ 448 Education / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee – Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

■ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed *(See VI below)*
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district *(specify)*
☐ 6 Multidistrict Litigation Transfer
☐ 7 Appeal to District Judge from Magistrate Judgment
☐ 8 Multidistrict Litigation – Direct File
☐ 9 Remanded from Appellate Court

## VI. RELATED/ RE-FILED CASE(S)
*(See instructions):* a) Re-filed Case ☐ YES ☐ NO    b) Related Cases ■ YES ☐ NO
JUDGE: Hon. Beth Bloom    DOCKET NUMBER: 21-cr-20169-BB

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 2855, Motion to Vacate Judgment in 21-CR-20169-Bloom
LENGTH OF TRIAL via ___ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23
DEMAND $ ___
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ■ No

**ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE**

DATE: 10/25/2022    SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY : RECEIPT # ___    AMOUNT ___    IFP ___    JUDGE ___    MAG JUDGE ___**

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**    (a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked. Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**  **Nature of Suit**. Nature of Suit. Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Refiled (3) Attach copy of Order for Dismissal of Previous case. Also complete VI.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

Remanded from Appellate Court. (8) Check this box if remanded from Appellate Court.

**VI.**  **Related/Refiled Cases**. This section of the JS 44 is used to reference related pending cases or re-filed cases. Insert the docket numbers and the corresponding judges name for such cases.

**VII.** **Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**. Example: U.S. Civil Statute: 47 USC 553
            Brief Description: Unauthorized reception of cable service

**VIII.** **Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**Date and Attorney Signature**. Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-cv-_____-BB
(Underlying Criminal Case No. 21-CR-20169-BB)

HERNAN OROZCO,
    Movant,

v.

UNITED STATES OF AMERICA,
    Respondent.
_____/

## MOTION TO VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255

Hernan Orozco, through undersigned counsel, moves this Court to vacate his sentence, pursuant to 28 U.S.C. § 2255. As explained below, Mr. Orozco was sentenced as an armed career criminal based on two prior Florida convictions involving violations of Fla. Stat. 893.13 for possession with intent to sell cocaine. *See* Presentence Investigation Report ("PSI"), Crim. DE 28, ¶ 31. In light of the decision this year in *United States v. Eugene Jackson*, __ F.4th __, 2022 WL 2080280 (11th Cir. June 10, 2022)[1], those prior convictions no longer qualify as ACCA predicates. As a result, Mr. Orozco's sentence exceeds the statutory maximum, and this Court should vacate that illegal sentence.

## PROCEDURAL HISTORY

In July 2021, Mr. Orozco pled guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and one count of possession with

---

[1] It should be noted that the *Jackson* opinion has been vacated and supplemental briefing has been ordered; however, all arguments herein remain the same.

1

intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1). (Crim. DE 23). The government agreed to dismiss a third count of the indictment, which charged possession of a firearm in furtherance of a drug trafficking crime. The charges stemmed from a search of his residence in February 2021. (Crim DE 22).

Ordinarily, he would have been subject to a 10-year statutory maximum as to the felon in possession count. *See* 18 U.S.C. § 924(a)(2). However, the probation officer determined that he was subject to the Armed Career Criminal Act ("ACCA") and its 15-year mandatory minimum sentence because he had one prior conviction for a crime of violence, from 1996, and two prior "serious drug offenses" from 2007 and 2011. *See* 18 U.S.C. § 924(e)(1), (e)(2)(A).

Trial counsel did not object to his classification as an ACCA and agreed in the plea agreement that his two § 893.13 convictions qualified as "serious drug offenses" for purposes of the ACCA enhancement in the plea agreement. At the time, any argument to the contrary was foreclosed by *United States v. Smith*, 775 F.3d 1262 (11th Cir. 2014) and its progeny.

Less than a year after his sentencing, the Eleventh Circuit issued a published opinion in *United States v. Jackson*, __ F.4th __, 2022 WL 2080280 (11th Cir. June 10, 2022). In light of *Jackson*, Mr. Orozco's prior § 893.13 offenses are no longer ACCA predicates. Thus, his sentence is now unlawful, and this Court should vacate it.

GROUNDS FOR RELIEF

I.    Mr. Orozco Is No Longer an Armed Career Criminal

In *Jackson*, the Eleventh Circuit held that cocaine-related convictions under Fla. Stat. § 893.13 from before July 1, 2017 do not qualify as "serious drug offenses" under the ACCA, § 924(e)(2)(A)(ii). That was so, the Court explained, because the elements of those offenses encompassed a cocaine derivative called ioflupane. But, as of September 2015, the federal government had de-scheduled ioflupane as a federally controlled substance. Florida followed suit on July 1, 2017. The upshot is that any § 893.13 cocaine-related convictions pre-dating July 1, 2017 could have involved ioflupane. And, under the categorical approach, federal courts must assume that they did. Because ioflupane was not a federally controlled substance at the time of the defendant's § 922(g) offense in *Jackson*, the Court held that his pre-July 1, 2017 § 893.13 cocaine-related convictions were categorically overbroad and did not qualify.

That holding squarely applies to this case. Mr. Orozco was subject to the ACCA enhancement based on two prior § 893.13 convictions for cocaine. Those convictions occurred in 2007 and 2011, well before the cutoff of July 1, 2017. And Mr. Orozco committed the § 922(g) offense in 2021, well after the federal government de-scheduled ioflupane in 2015. Thus, under *Jackson*, Mr. Orozco is no longer subject to the ACCA. And, as explained below, there is no procedural barrier to remedying his illegal sentence.

## II. Mr. Orozco's *Jackson* Claim is Cognizable Under § 2255

Section 2255(a) authorizes a federal prisoner to collaterally attack his sentence on the ground that it "was imposed in violation of the . . . laws of the United States . . . , or that the sentence was in excess of the maximum authorized by law." 28 U.S.C.

§ 2255(a). Here, Mr. Orozco contends that, in light of *Jackson*, he was erroneously subjected to the ACCA, such that his 15-year ACCA sentence exceeds the non-ACCA 10-year statutory maximum. That error is plainly cognizable and correctable under § 2255, as the en banc Eleventh Circuit has recognized. *See Spencer v. United States*, 773 F.3d 1132, 1143 (11th Cir. 2014) (en banc) ("We can collaterally review [under § 2255] a misapplication of the Armed Career Criminal Act because . . . that misapplication results in a sentence that exceeds the statutory maximum.").

### III. *Jackson* Applies Retroactively to Cases on Collateral Review

Under *Welch v. United States*, 578 U.S. 120 (2016), the Eleventh Circuit's decision in *Jackson* applies retroactively to this initial § 2255 proceeding because it is a "substantive rule." In *Welch*, the Supreme Court held that its decision in *Johnson v. United States*, 576 U.S. 591 (2015)—invalidating the ACCA's residual clause—was a "substantive rule" with retroactive effect because it "changed the substantive reach of the Armed Career Criminal Act, altering the range of conduct or the class of persons that the Act punishes." *Welch*, 578 U.S. 129–30 (quotation omitted). That logic squarely applies here: *Jackson* changed the substantive scope of the ACCA by narrowing its "serious drug offense" definition, excluding § 893.13 offenses that had previously qualified as ACCA predicates since at least the 2014 decision in *Smith*. As a substantive rule, *Jackson* has retroactive effect in this initial § 2255 proceeding.

### IV. Timeliness Poses No Bar to Relief

Under § 2255(f), a § 2255 motion must be filed within one year of the latest of four triggering events. As relevant here, under § 2255(f)(1), the motion must be filed

4

within one year of the date on which the conviction becomes final. In a case where a defendant does not file a direct appeal, a conviction becomes "final" for purposes of § 2255(f)(1), when the time for filing a direct appeal expires. *See* Fed. R. App. P. 4(b)(1)(A)(i), (6) (providing that a defendant's notice of appeal must be filed within fourteen days after the written judgment of conviction is entered on the criminal docket); *see also Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011) ("[W]hen a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires.") (citation omitted).

Here, Mr. Orozco's judgment was entered on October 8, 2021 and he did not file a direct appeal. So, under § 2255(f)(1), he had to file a § 2255 motion by October 22, 2022.

## REQUEST FOR RELIEF

Mr. Orozco respectfully requests that the Court vacate his illegal sentence and set this case for re-sentencing so that he may be re-sentenced without the ACCA enhancement.

Respectfully Submitted,

By: */s/ Dianne E. Carames*
Dianne E. Carames
1900 N. Bayshore Dr. Suite 1A
Miami, FL 33132
(305) 607-8078
Dianne@puglisicarames.com

## CERTIFICATE OF SERVICE

I certify that on **October 23, 2022**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Dianne E. Carames*